IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R$^2$ TOP HAT LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HIGHLAND CAPITAL MANAGEMENT, L.P., )<br>HOME INTERIORS & GIFTS, INC., )<br>RICHARD HEATH, PATRICK DAUGHERTY )<br>and JOHN DOES 1 through 3 )<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 06-cv-7929 |

**MEMORANDUM OF LAW
REGARDING IRREPARABLE HARM**

Plaintiff R$^2$ Top Hat, Ltd. ("R$^2$"), by and through undersigned counsel, hereby submits this Memorandum of Law ("Bench Memorandum") irreparable harm in support of its Motion for a Preliminary Injunction (the "Motion") against Defendants Highland Capital Management, L.P. ("Highland"), Home Interiors & Gifts, Inc. ("Home Interiors"), Richard Heath, Patrick Daugherty and John Does 1 through 3.[1] As grounds for this Bench Memorandum, R$^2$ relies upon and incorporates by reference the Motion and Verified Complaint ("Verified Complaint") filed in the above-captioned action.

In further support of the Bench Memorandum, R$^2$ states as follows:

<u>Standard for Finding Immediate and Irreparable Harm</u>

To justify the issuance of preliminary injunctive relief, a party must show that it will suffer irreparable harm. See e.g. Brenntag Int'l. Chemicals, Inc. v. Bank of India,

---

[1] Heath, Daugherty and John Does 1 through 3 shall be referred to collectively herein as the "Directors and Officers".

1

175 F.3d 245, 249 (2d Cir. 1999). Generally, irreparable harm means injury for which a monetary award cannot be an adequately compensated. Courts have also found that irreparable harm exists where there is "a substantial chance that upon final resolution of the action the parties cannot be returned to the positions they previously occupied." Id. See also Seide v. Crest Color, Inc., 835 F. Supp. 732, 735 (S.D.N.Y. 1993) (disappearance of defendants last asset of any value was found to constitute an irreparable loss); Studebaker Corp. v. Gittlin, 360 F.2d 692, 698 (2d Cir. 1966) ("plaintiff asking [sic] an injunction … is not required to show that otherwise rigor mortis will set in forthwith; all that 'irreparable injury' means in this context is that unless an injunction is granted, the plaintiff will suffer harm which cannot be repaired"); American Hosp. Supply Corp. v. Hospital Prods. Ltd., 780 F.2d 589, 594 (7th Cir. 1986) ("The premise of the preliminary injunction is that the remedy available at the end of trial will not make the plaintiff whole.").

Courts have found a threat of irreparable injury where insolvency "threatens to frustrate a damage award." See Brenntag Int'l. Chemicals, Inc. v. Norddeutsche Landesbank GZ, 9 F. Supp. 2d 331, 345 (S.D.N.Y. 1998). See also Drobbin v. Nicolet Instrument Corp., 631 F. Supp. 860, 912 (S.D.N.Y. 1986) ("[w]here a plaintiff's injury is theoretically compensable in money damages but, as a practical matter, the defendant would not or could not respond fully for those damages, preliminary injunctive relief has been deemed necessary to protect the plaintiff from irreparable injury."

Such threat of theoretical compensation is precisely the matter at issue. As described in the Verified Complaint, Home Interiors' financial condition is, and has been for some time, dire. The company is excessively leveraged and carries an unsustainably

high debt load. Its own balance sheet reflects a net deficit of assets to liability of approximately $231.1 million. Highland, as a majority shareholder, motivated by a desire to promote its own interests, continue to dissipate Home Interiors' assets. The dissipation of Interiors' assets being effectuated by Highland in its capacity as equity holder directly jeopardizes $R^2$'s investment by making prospects of repayment remote or nonexistent.

A preliminary injunction may serve to preserve assets as security for a potential monetary judgment where the evidence shows that a party intends to frustrate any judgment on the merits by making it uncollectible. See Pashaian v. Eccelston Properties, Ltd., 88 F.3d 77, 87 (2d Cir. 1995).

In the present case, Highland and the Directors and Officers are uniquely positioned to implement their schemes and promote their own interests at the expense of outside creditors. Home Interiors, which has already sold off other assets such as its corporate aircraft and certain property, plants and equipment, has recently closed a sale-leaseback of its corporate headquarters in Carrollton, Texas. The proceeds from the transaction may be the only cash available to Home Interiors. This Court therefore should prevent its conversion into yet another wasted asset.

Solvency of Highland Does
Not Reduce the Risk of Immediate and Irreparable Harm

In the present case, Highland, a majority shareholder of insolvent (or operating in the vicinity of insolvency) Home Interiors owes a fiduciary duties to $R^2$. Highland, however, has completely abandoned its obligations and therefore is also liable to $R^2$. New York law holds that solvency of a related entity, a secondary defendant, would not

reduce the threat of irreparable harm that is hovering over $R^2$. In <u>Brenntag</u>, the Second Circuit stated that insolvency of defendant, together with the weaker claims against related entities, "was sufficient to bring this case within the insolvency exception," which was described above. <u>Brenntag</u>, 175 F. 3d at 250. The court further reasoned that plaintiff's claims against an admittedly breaching party, the insolvent defendant, are simpler and much stronger than claims against a related company, which is, however, solvent. Id. In the present case, the fact of Highland's solvency has no bearing on the real issues causing the threat of irreparable harm – the dissipation of Home Interiors' assets in violation of the fiduciary duties owed by Highland and the Officers and Directors.

## **CONCLUSION**

WHEREFORE, $R^2$ respectfully requests that in view of the irreparable harm and injury threatening $R^2$, this Court (i) grant the Motion; and (ii) grant such other and further relief as it deems just under the circumstances.

Date: October 11, 2006
       New York, New York

Respectfully submitted,

**R² TOP HAT, LTD,**

By its Attorneys,

    /s/ A. Grant McCrea
_____
Edward S. Weisfelner, Esquire (EW-5581)
A. Grant McCrea, Esquire (GM-4150)
BROWN RUDNICK BERLACK ISRAELS LLP
Seven Times Square
New York, NY 10036
(212) 209-4800

William M. Dolan III, Esquire
BROWN RUDNICK BERLACK ISRAELS LLP
121 South Main Street
Providence, RI 02903
(401) 276-2600

Robert L. Harris, Esquire
BROWN RUDNICK BERLACK ISRAELS LLP
One Financial Center
Boston, MA  02111
(617) 856-8200

8144106\2